```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

DAVID CHRISTOPHER WOOLFORD,                 :         07 Civ. 7826 (RJH)

                Petitioner,     :

    - against -                              :         **ORDER**

MICHAEL CHERTOFF, et al.,                     :

                Respondents.   :

----------------------------------------------------------x

       The instant petition for habeas corpus was filed on behalf of petitioner David Christopher Woolford ("Petitioner") on September 5, 2007. In his petition, Petitioner (1) asserts ineffective assistance of counsel based on his attorney's failure, during a 1987 criminal proceeding in Louisiana, to advise him of the negative immigration consequences of pleading guilty to a drug offense, and (2) challenges a deportation order issued by an Immigration Judge in 1992.

       The Second Circuit has held that a petitioner under an order of removal as a result of a criminal conviction is not "in custody" for the purpose of challenging a state criminal conviction by way of a petition for habeas corpus. *Ogunwomoju v. United States*, 512 F.3d 69, 73–75 (2d Cir. 2008). Counsel for Petitioner has informed the Court that Petitioner has been released while he pursues administrative challenges to his removal and is therefore not currently in physical custody. Furthermore, under the REAL ID Act, 119 Stat. 231, a federal district court does not have jurisdiction to consider a petitioner's challenge to an order of removal. 8 U.S.C. § 1252(a)(5).

In light of these deficiencies in the petition, the Court has twice contacted counsel for Petitioner and requested that Petitioner either withdraw his petition or provide the Court with an explanation why the petition should be maintained on the docket. Having received no response, the Court orders that this action be dismissed without prejudice to restoration of the action within thirty days of the date of this Order. If Petitioner wishes to reinstate this matter, he must make a letter application to the undersigned before the thirty-day period expires.

SO ORDERED.

Dated: New York, New York
       May 5, 2008

                                                    _____
                                                    Richard J. Holwell
                                                    United States District Judge